IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATREECE BUTCHEE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-23-1519 |
| WELLS FARGO, NATIONAL ASSOCIATION | * | |
| | * | |
| Defendant. | | |
| * * * * * * | | |

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 32.[1] Currently pending before the Court is Plaintiff Patreece Butchee's Motion to Vacate Arbitration Award (ECF No. 35). Having considered the parties' submissions (ECF Nos. 35, 38, & 40), the Arbitrator's Award and Opinion (ECF No. 35-2), and the Arbitrator's Report of Pre-Hearing Conference and Order (ECF No. 39-3), the Court finds that a hearing is not necessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

**I.   Background**

Ms. Butchee, an African American woman, was initially hired for the role of Regional Construction Portfolio Manager for Wells Fargo in May 2019. ECF No. 35-1 at 1. When Ms. Butchee began her employment with Wells Fargo, her immediate supervisor was the Northeast Construction Leader ("NCL"), Ms. Foggie. ECF No. 35-2 at 6. When Ms. Foggie left Wells Fargo, Ms. Butchee alleges that she was appointed to the position of Interim NCL, and from October 2019

---

[1] This Court has jurisdiction based on diversity of the parties. 28 U.S.C. § 1332(a).

to May 2022, she performed the duties of the NCL as well as her previous responsibilities. ECF No. 35-1 at 2.

In May 2021, Mr. Martinson joined Wells Fargo as the Global Head of Design and Construction. ECF No. 35-2 at 6. In July 2021, Wells Fargo announced that it was seeking to hire a new NCL. ECF No. 35-1 at 2. Mr. Martinson was responsible for hiring of the new NCL. Ms. Butchee applied for the position and participated in interviews for it. *Id*. However, in December 2021, Ms. Butchee learned that the position was cancelled. *Id*. She later learned that Mr. Martinson intended to hire an individual (Mr. Forrester, a white male) who Martinson "had known for years." *Id.*

In February 2022, Ms. Butchee filed a complaint with the Human Resources Department at Wells Fargo. *Id.* And in June 2022, Ms. Butchee initiated a complaint with the Maryland Commission on Civil Rights. *Id*. Soon thereafter, in August 2022, Ms. Butchee alleges that Mr. Martinson demoted her and removed the employees under her supervision. *Id.* She alleges that she was then excluded from meetings and team building exercises that she believes she should have been present for. *Id*.

In June 2023, Ms. Butchee brought the following claims against Wells Fargo: (1) failure to promote based on race in violation of Title VII, 42 U.S.C. § 2000e-3(a) ("Title VII"); (2) hostile work environment based on race in violation of Title VII; (3) disparate treatment based on race in violation of Title VII; (4) retaliation for reporting racial discrimination in violation of Title VII; (5) retaliation in violation of 42 U.S.C. § 1317[2]; (6) disparate pay compared with similarly situated male counterparts in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("Equal Pay Act"); (7)

---

[2] 42 U.S.C. § 1317 addresses how the Administrator of the Centers for Medicare and Medicaid Services is appointed; it does not create a cause of action for a claim of retaliation.

2

retaliation in violation of 42 U.S.C. § 1981 ("Section 1981); (8) discrimination based on race in violation of Section 1981; (9) loss of wages and compensation in violation of the Thirteenth Amendment, U.S. Const. amend. XIII; and (10) loss of wages and compensation, in violation of Md. Code, Lab. & Empl. § 3-505. ECF No. 1 at 8-16.

Ms. Butchee and Wells Fargo agreed to the Wells Fargo Mutual Arbitration Agreement ("Arbitration Agreement") on May 16, 2019. ECF No. 35-2 at 6. Both parties were willing to participate in arbitration, so the Court granted Ms. Butchee's motion to stay the present case to allow the parties to arbitrate. ECF Nos. 12 (Motion to Stay) & 13 (Order).

Ms. Butchee submitted all of her claims to the Arbitrator. Prior to the Arbitration Hearing, Ms. Butchee withdrew her claims arising under 42 U.S.C. § 1317; the Equal Pay Act; and Md. Code, Lab & Empl. § 3-505. ECF No. 35-2 at 5. The Arbitrator granted Wells Fargo's Motion for Summary Judgment as to all but three of Ms. Butchee's remaining claims. The claims that survived summary judgment were: failure to promote because of race in violation of Title VII; retaliation in violation of Title VII; and retaliation in violation of Section 1981. The Arbitration Hearing lasted for four days in June and July 2024. The arbitrator issued her 17-page Opinion and Award on October 25, 2024.[3] ECF No. 35-2.

The Arbitrator found that the "high-level strategic functions" of the NCL position were performed by another senior Wells Fargo employee, Mr. Augerot, after Ms. Foggie left. *Id.* at 6. The Arbitrator also found that, based on the job description and requirements listed in the job posting, Mr. Forrester was better qualified for the position than Ms. Butchee. When Mr. Forrester withdrew himself from consideration for the position, Wells Fargo decided to add additional

---

[3] The parties both state in their filings that the arbitration award was issued on October 25, 2024. However, the award is dated October 25, 2024. ECF No. 35-2 at 3.

responsibilities to the position to create a larger role, which was posted as a new position. *Id.* at 10. After interviews for the position were complete, Wells Fargo offered it to an Asian woman who declined the offer, then an African American male who also declined the offer, and finally to Mr. Forrester, who accepted the offer. *Id.* The Arbitrator denied Ms. Butchee's claim for failure to promote because she failed to show that the reasons proffered by Wells Fargo for failing to promote her were pretext for discrimination. *Id.* at 11-12. The Arbitrator denied Ms. Butchee's retaliation claims because she did not meet her burden to show that her protected activity was the "but for" cause of Wells Fargo's adverse employment action. *Id.* at 17-18.

On December 2, 2024, the Court lifted the stay. ECF No. 23. Ms. Butchee now asks the Court to vacate the Arbitrator's award on two grounds. First, the Arbitrator refused to admit testimony of Joseph Bruno. Ms. Butchee alleges that Mr. Bruno, a former Wells Fargo employee, was fired for complaining that Wells Fargo "was conducting fake interviews with women and persons of color for positions they were never going to be hired for." ECF No. 35-1 at 5. Ms. Butchee argues that Mr. Bruno's testimony was "pertinent and material to the controversy" because it would support her argument that Wells Fargo's proffered reasons for failing to promote her were pretextual. ECF No. 35-1 at 4. Second, the Arbitrator found that Ms. Butchee failed to establish that Wells Fargo's proffered reasons for not promoting her was pretext for discrimination. Ms. Butchee alleges that in finding that Ms. Butchee did not meet her burden, the Arbitrator manifestly disregarded Title VII precedent. ECF No. 35-1 at 5-7.

**II.     Standard of Review**

Judicial review of an arbitration award is "'extremely limited,' and is, in fact, 'among the narrowest known to the law.'" *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345 (4th Cir. 2008) (quoting *U.S. Postal Serv. v. Am. Postal Workers Union, AFL-CIO*, 204 F.3d 523, 527 (4th Cir.

2000)). A reviewing court is limited to determining "only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Long John Silver's*, 514 F.3d at 349 (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

The Fourth Circuit has explained that the Federal Arbitration Act, 9 U.S.C. ¶¶ 1-16, limits a court's "ability to vacate arbitral awards as part of its comprehensive scheme to replace judicial hostility to arbitration with a national policy favoring it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citing *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008)). A court may not "overturn an arbitral award just because it believes, however strongly, that the arbitrators misinterpreted the applicable law." *Id.* at 478 n.5 ("When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree."). The party seeking to vacate the arbitration award "must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act or one of certain limited common law grounds." *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

> Under the Federal Arbitration Act, a district court may vacate an arbitration award:
>
> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). And under the common law, "grounds for vacating such an award include those circumstances where . . . the award evidences a manifest disregard of the law." *Three S Delaware*, 492 F.3d at 527 (internal quotation marks omitted).

### III.    Analysis

#### A.    Arbitrator's Refusal to Admit Testimony of Joe Bruno is Not Grounds to Vacate the Award.

Ms. Butchee argues that the Arbitrator erred in refusing to admit the testimony of Joe Bruno, which she contends was "pertinent and relevant to the controversy." ECF No. 35-1 at 5. After considering written submissions and oral arguments from the parties at a Pre-Hearing Conference, the Arbitrator granted Wells Fargo's motion *in limine* to exclude the testimony of Mr. Bruno. ECF No. 39-3. The Arbitrator did not permit Mr. Bruno to testify because (1) he had no personal knowledge of Ms. Butchee's claims, and (2) different decision-makers were involved in Mr. Bruno's allegations of discrimination against Wells Fargo, and "if different decision-makers are involved, employees are generally not similarly situated." ECF No. 39-3 at 3 (quoting *Forrest v. Transit Mgmt. of Charlotte, Inc.*, 245 Fed. Appx. 255, 257 (4th Cir. 2007). According to Ms. Butchee, this evidence should have been admitted because, if credible, it "was probative as to whether Wells Fargo's proffered explanation for its actions were pretextual." ECF No. 35-1 at 5.

An arbitrator retains broad discretion over procedural matters and decisions about the admissibility of evidence. *Wachovia*, 671 F.3d at 479 (citing *Int'l Union, United Mine Workers v. Marrowbone Dev. Co.*, 232 F.3d 383, 389 (4th Cir. 2000)). It is not enough for a party to show that excluded evidence might have been relevant and material to the controversy. An "arbitrator's procedural ruling may not be overturned unless it was in bad faith or so gross as to amount to affirmative misconduct." *Marrowbone*, 232 F.3d at 390. An arbitrator's unintentional mistake on a procedural matter is not a basis for vacatur. *Wachovia*, 671 F.3d at 479.

Further, "in making evidentiary determinations, arbitrators need not follow all the niceties observed by the federal courts." *White v. Four Seasons Hotel & Resorts*, 244 F. Supp. 3d 1, 4 (D.D.C. 2017) (quoting *Howard Univ. v. Metro. Campus Police Officer's Union*, 512 F.3d 716, 721 (D.C. Cir. 2008) (internal quotation marks omitted); *Howard Univ. v. Metro. Campus Police Officer's Union*, 519 F. Supp. 2d 27, 36 (D.D.C. 2007) ("It is well settled that the arbitrator is the judge of the admissibility and relevancy of evidence submitted in an arbitration proceeding."). "Ultimately, all that is required is that the arbitrator grant the parties a fundamentally fair hearing." *White*, 244 F. Supp. 3d at 5 (internal quotation marks omitted). "A fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decision makers are not infected with bias." *Id.*

Ms. Butchee does not argue that the Arbitrator excluded Mr. Bruno's testimony in bad faith or that the exclusion amounted to "affirmative misconduct." Ms. Butchee was granted a fair hearing where she testified, called a witness, and presented exhibits. The Arbitrator's refusal to admit testimony of Mr. Bruno therefore is not grounds to vacate the award.

**B.     The Final Award Was Not a Manifest Disregard of the Law.**

Ms. Butchee also argues that the final award was "a rejection of clearly established Title VII precedent." ECF No. 39-1 at 6. "A court may vacate an arbitration award under the manifest disregard standard only when a plaintiff has shown that (1) the disputed legal principle is clearly defined and is not subject to reasonable debate; and (2) the arbitrator refused to apply that legal principle." *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015).

Under Title VII precedent, a plaintiff may establish a claim of employment discrimination under Title VII through either of two avenues of proof: (1) a plaintiff may establish though direct or circumstantial evidence that his race, color, religion, sex, or national origin was a motivating

factor in his employer's adverse employment action, *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007); *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996); or (2) a plaintiff may proceed under the burden-shifting framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff carries the initial burden to establish a prima facie case for discrimination. If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a "legitimate nondiscriminatory reason" for the action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant articulates such a reason, the burden shifts back to the plaintiff show by a preponderance of the evidence that the reason supplied by the defendant is pretextual, or to provide other evidence of discrimination. *Id.* at 804.

Ms. Butchee argues that the Arbitrator manifestly disregarded Title VII precedent when she found that Ms. Butchee failed to establish that Wells Fargo's proffered reason for its decision was pretext for discrimination. Ms. Butchee argues that she "clearly met" her burden of proving that it was more likely than not that the reasons Wells Fargo proffered for its actions were pretextual. ECF No. 35-1 at 6. To support her position, Ms. Butchee presents to the Court arguments regarding her qualification for the position Wells Fargo denied her, as well as allegations that the interviewers assigned white applicants higher scores compared with applicants of color in certain evaluation categories. *Id.* at 6-8. However, it is not for this Court to reconsider the parties' arguments and second-guess the judgment of the Arbitrator so long as the Arbitrator did not manifestly and intentionally disregard established law. There is no plausible allegation, and no indication from the Opinion and Award, that the Arbitrator intentionally ignored or disregarded Title VII precedent; she considered both parties' evidence within the burden-shifting framework and found that Ms. Butchee failed to prove that Wells Fargo's stated reasons for its decision were pretext for discrimination. ECF No. 35-2 at 11. Even if the Court believes that the

Arbitrator misapplied the law or arrived at an unreasonable conclusion, Ms. Butchee has not met her very high burden to establish that the Arbitrator failed to do her job.

## IV.     Conclusion

For the reasons stated above, Plaintiff's Motion to Vacate the Arbitration Award is **DENIED,** and the Opinion and Award issued by Arbitrator Barbara Johnson on October 25, 2024 is **CONFIRMED**. This case will be closed.

A separate Order follows.


Date: March 14, 2025                                        _____/s/_____
                                                                           Timothy J. Sullivan
                                                                           Chief United States Magistrate Judge